**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID#1303016651 |
| | ) | |
| DASHAWN D. WATSON, | ) | |
| | ) | |
| Defendant | ) | |

Submitted: October 14, 2016
Decided: January 5, 2017

On Defendant's Motion for Postconviction Relief. **DENIED.**

On Defendant's Motion for Appointment of Counsel. **DENIED AS MOOT.**

# <u>ORDER</u>

Martin B. O'Connor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

DaShawn D. Watson, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 5th day of January 2017, upon consideration of Defendant's *pro se* Motion for Postconviction Relief and *pro se* Motion for Appointment of Counsel, it appears to the Court that:

## I. FACTS AND PROCEDURAL HISTORY

1. On March 13, 2013, Wilmington Police were notified that someone had been shot inside Iggy's Food Market on West 27th Street in Wilmington. Upon arrival, Wilmington Police found the victim, Stacey Tymes, on the floor of the store. Although medical personnel

1

promptly arrived and attempted to treat the victim, the victim died due to the gunshot wounds. After performing an autopsy, the medical examiner determined that victim's death was a homicide.

2. On March 21, 2013, police received information from a confidential informant that the person who shot the victim was Defendant. Police then located and arrested Defendant at the Wilmington bus station. While in custody, Defendant initially denied killing the victim. However, upon further questioning, Defendant admitted to committing the act.

3. On April 29, 2013, Defendant was indicted on charges of Murder First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"). Trial counsel, Eugene J. Maurer, Jr., Esquire, was subsequently appointed to represent Defendant on the three charges.

4. On June 13, 2014, Defendant entered into a plea agreement with the State. Pursuant to the plea agreement, Defendant agreed to plead guilty to Murder Second Degree and PFDCF; a *nolle prosequi* would be entered on the PDWBPP charge. In exchange, the State agreed to cap its recommendation at twenty-five years of imprisonment on the Murder Second Degree charge. No recommendation was specified regarding sentencing on the PFDCF charge.

5. After Defendant entered into the plea agreement with the State, the Court held a plea colloquy with him. During the plea colloquy, the following exchange between the Court and Defendant occurred:

> The Court: Do you understand that what is being done today is final, and that you will not be able to come back at a later time to seek to withdraw this guilty plea; do you understand that?
>
> Defendant: Yes.

. . .

> The Court: Do you believe you are knowingly, intelligently and voluntarily entering plea of guilty to [Murder Second Degree and PFDCF]?
>
> Defendant: Yes.
>
> The Court: I tried to engage in a thorough colloquy, I observed the defendant, his demeanor, among other things during the guilty plea colloquy. I am satisfied that the defendant has made a knowing, intelligent, and voluntary plea to the two charges. They are accepted.[1]

6. Defendant was sentenced on August 26, 2014. On the charge of Murder Second Degree, Defendant was sentenced to thirty years at Level V supervision, suspended after twenty-five years for decreasing levels of supervision. On the charge of PFDCF, the Court sentenced Defendant for 10 years of Level V supervision. That sentence was imposed consecutively to the Murder Second Degree sentence.

7. On September 19, 2016, Defendant filed *pro se* a Motion for Postconviction Relief and a Motion for Appointment of Counsel. On October 11, 2016, Defendant's trial counsel, Eugene J. Maurer, Jr., Esquire filed an affidavit in response to Defendant's Motion for Postconviction relief.

## II. DISCUSSION

8. In his Motion for Postconviction Relief, Defendant makes four claims. First, Defendant claims that the plea agreement into which he entered was "unfulfilled."[2] Second, Defendant argues that his guilty plea was coerced. Third, Defendant asserts that his trial counsel was ineffective when trial counsel advised Defendant that he would withdraw as counsel if he did not take the plea. Fourth, Defendant

---

[1] Transcript of Plea Colloquy held on June 13, 2014, at 12-13.
[2] Def.'s M. for Postconviction Relief at 3.

3

contends that he was eighteen years old at the time he pleaded guilty and "did not fully understand the complicity of what was going on between the state and attorney."[3]

9. Defendant first claims that he is entitled to postconviction relief because the plea agreement is "unfulfilled." Defendant asserts that "it was agreed upon for a plea of 18 years to 28 years not to exceed 28 years and sentencing day I received 35 years.[4] However, this Court is not bound by an agreed upon sentence.[5] Because the Court has discretion on whether impose the agreed upon sentence,[6] a sentence in excess of the State's recommendation does not give rise to a claim for postconviction relief. Moreover, the plea agreement was silent as to the recommended sentence on the PFDCF charge. The imprisonment sentence in excess of the twenty-five year recommendation on the Murder Second Degree charge reflects Defendant's sentence on the PFDCF charge. Accordingly, the Court acted within its discretion when it sentenced Defendant to be imprisoned for thirty-five years, and Defendant's first claim is without merit.

10. Second, Defendant argues that his confession was coerced because of statements made to him by trial counsel. A claim that a guilty plea was coerced because of a purported statement made by trial counsel is evaluated under the *Strickland v. Washington* ineffective assistance of counsel standard.[7] Under *Strickland*, Defendant must show (1) that his counsel's performance was deficient and (2) that such deficient performance prejudiced the outcome of his case, and that, "but for trial counsel's errors, Defendant would not have pleaded guilty and would have insisted on going to trial."[8] Counsel's performance is evaluated on an objective standard of reasonableness,[9] with great deference given to counsel's decisions.[10] "A defendant asserting

---

[3] Def.'s M. for Postconviction Relief at 3.
[4] *Id.*
[5] *Somerville v. State*, 703 A.2d 629, 633 (Del. 1997).
[6] *Id.*
[7] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984).
[8] *Id.*
[9] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013).
[10] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

4

ineffective assistance of counsel is required to make concrete allegations of cause and actual prejudice."[11]

11. In the case at bar, Defendant contends that his "attorney advised [him] that if [he] did not take the plea [he] would be giving a guaranteed life sentence." In response to this claim, Defendant's trial counsel stated in his affidavit:

> I did in fact advise the defendant that if he did not accept the plea, the evidence in the case was such that he would likely have been convicted of murder in the first degree. I also advised him that the sentence for a first degree murder conviction was a mandatory sentence of life imprisonment. I did not tell the defendant that he would be guaranteed a life sentence but that it would [be] most likely given the evidence that he would have been convicted [of] murder in the first degree.[12]

12. Under the first prong of *Strickland*, Defendant must show that his trial counsel's conduct was below the objective standard of reasonableness. Defendant has failed to meet this requirement. Trial counsel advised Defendant that the evidence against him on a charge of Murder First Degree was strong, as there were two eyewitnesses to the shooting and Defendant confessed to the police that he committed the crime. Trial counsel also advised Defendant that the minimum sentence for Murder First Degree was life imprisonment. This was presumably done in attempt to permit Defendant to make an informed decision as to whether he should plead guilty, not in an attempt to coerce a guilty plea from him. Additionally, during the plea colloquy, Defendant acknowledged he "freely and voluntarily decided to plead guilty to the charges listed in the written plea agreement," and that nobody "threatened or forced him to enter into this plea."[13] Accordingly, as Defendant has failed to show that his attorney's conduct was deficient, his second claim is without merit.

13. Defendant's third claim is that he received ineffective assistance of counsel when his attorney "advised [Defendant] that he would

---

[11] *Hamby v. State*, 2005 WL 2871988, at *1 (Del. Oct. 31, 2005).
[12] Aff. of Trial Counsel at 2-3.
[13] Transcript of Plea Colloquy held on June 13, 2014, at 6-7.

5

withdraw if [Defendant] did not take the plea."[14]   As previously stated, Defendant must satisfy the *Strickland v. Washington* standard to prevail on an ineffective assistance of counsel claim.  In response to this Claim, Defendant's trial counsel stated in his affidavit that he "did not advise the defendant that he was going to withdraw as his attorney if he did not take the plea offer."[15]   Defendant's trial counsel also advised that "given how much time had gone by in the case and the fact that the case was ready for trail, no motion would have been accepted by the Court in any event."[16]   Further, Defendant's trial counsel stated in his affidavit that he thoroughly reviewed the State's plea offer with Defendant.[17]

14.   Defendant has failed to show that his trial counsel's performance was deficient as required by *Strickland*.   Defendant's trial counsel informed Defendant of the consequences, positive and negative, of entering into the plea agreement.  Moreover, Defendant's trial counsel avers to the Court that he never advised Defendant that he would withdraw as counsel if Defendant did not accept the plea offer.  Upon reviewing the record, the Court is satisfied that trial counsel carried out his duties to render effective assistance of counsel.  Accordingly, Defendant's third claim is without merit.

15.   Finally, in an apparently unnumbered ground claiming ineffective assistance of counsel, Defendant claims that he was "18 years of age when the plea was offered and did not fully understand the complicity of what was going on between the State and attorney."[18]   This argument is conclusory without any supporting facts to explain why his being eighteen-years-old prevented him from understanding the consequences of his guilty plea.   The Court will not consider conclusory allegations that are not supported by the record.[19]   Moreover, the Court conducted a thorough plea colloquy with Defendant in which the Court was satisfied that Defendant understood the consequences of his guilty plea, and that Defendant gave a

---

[14] Def.'s M. for Postconviction Relief at 3.
[15] Aff. of Trial Counsel, at 3.
[16] *Id.*
[17] *Id.*
[18] Def.'s M. for Postconviction Relief at 3.
[19] *State v. Ellis*, 2016 WL 6091691, at *3 (Del. Super. Oct. 18, 2016).

"knowing, intelligent, and voluntary" guilty plea.[20]   Accordingly, Defendant's fourth claim is without merit.

### III. CONCLUSION

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.

Defendant's Motion for Postconviction Relief being denied, Defendant's Motion for Appointment of Counsel is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

/s/*Richard R. Cooch*

Richard R. Cooch, R.J.

oc:   Prothonotary
cc:   Investigative Services

---

[20] Transcript of Plea Colloquy held on June 13, 2014, at 13.